DOMENICO RENDE, as Administrator of the Estate of GUISEPPE RENDE, Deceased, Respondent, *v.* NEW YORK AND TEXAS STEAMSHIP COMPANY, Appellant.

1. NEGLIGENCE — LIABILITY OF MASTER. Mere proof that an accident has happened is not evidence of a master's negligence; he is not an insurer and is only liable for the exercise of reasonable care and prudence.

2. INSUFFICIENT PROOF OF NEGLIGENCE. Where the only issue is whether a master has failed to perform his legal duty to provide for his servant a reasonably safe and proper place to work, evidence that the servant was killed by the fall of an iron shutter upon one of the master's vessels, is not sufficient to establish the master's liability for damages, in the absence of proof of some affirmative act or omission constituting negligence on the part of the master, and showing that the servant was free from contributory negligence.

*Rende* v. *N. Y. & Texas Steamship Co.*, 112 App. Div. 922, reversed.

(Argued January 30, 1907; decided February 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

April 26, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank V. Johnson* for appellant. If there was any negligence in the fastening or securing of the door in question, as charged in the complaint, it was negligence in respect to the performance of a detail of the work, for which the defendant is not responsible. (*Laughlin* v. *State of New York*, 105 N. Y. 159; *Hudson* v. *O. S. S. Co.*, 110 N. Y. 625; *Hussey* v. *Coger*, 112 N. Y. 614; *Hogan* v. *Smith*, 125 N. Y. 774; *McCampbell* v. *C. S. S. Co.*, 144 N. Y. 552; *Perry* v. *Rodgers*, 157 N. Y. 251; *Quigley* v. *Levering*, 167 N. Y. 58; *Madigan* v. *O. S. N. Co.*, 178 N. Y. 242; *Vogel* v. *A. B. Co.*, 180 N. Y. 373; *Ludlow* v. *G. B. Mfg. Co.*, 11 App. Div. 452.) The plaintiff failed to offer any evidence tending to establish freedom from contributory negligence on the part of the deceased, while there is affirmative proof to the effect that the accident was occasioned by his own negligent act. (*Whalen* v. *C. G. Co.*, 151 N. Y. 70; *Weston* v. *City of Troy*, 139 N. Y. 281; *Wieland* v. *D. & H. C. Co.*, 167 N. Y. 19; *Perez* v. *Sandowitz*, 180 N. Y. 397.)

*Nelson L. Keach* and *Achille J. Oishei* for respondent. The defendant was bound to furnish the deceased with a safe and proper passageway to go from the steamer to the barge in order to perform his work, and the failure in this regard was negligence for which the defendent was liable. That duty could not be delegated to any fellow-servant so as to relieve the master from liability. (*Chevers* v. *O. S. S. Co.*, 26 Misc. Rep. 193; *Lentino* v. *P. H. I. O. Co.*, 71 App. Div. 466; *Cunningham* v. *S. A. P. Co.*, 49 App. Div. 300; *Crispin* v. *Babbitt*, 81 N. Y. 521; *McLaughlin* v. *Eidlitz*, 50 App. Div. 522; *Scandell* v. *C. C. Co.*, 50 App. Div. 513; *Kiras* v. *N. C. Co.*, 59 App. Div. 79; *Butler* v. *Townsend*,

126 N. Y. 110.)   The evidence discloses sufficient freedom from contributory negligence on the part of the deceased. (*Kain* v. *Smith*, 89 N. Y. 375; *Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 38; *Kiras* v. *N. C. Co.*, 59 App. Div. 79.)

WERNER, J.   The defendant is a corporation which owns and operates a fleet of ocean-going steamships, and the plaintiff's intestate was one of a gang of men who had been for a number of years employed by the defendant in the coaling of its ships.

On the 13th day of December, 1902, one of the defendant's steamships called the "Neuces" was taking on coal from a canal boat moored alongside at the foot of pier twenty in the East river.   On the side of the ship toward the canal barge there were several port holes, one of which was used by the men employed in the transfer of the coal as a passageway between the two vessels.   This port hole was a nearly square aperture about twenty by twenty-four inches in size, which, when closed, was covered by an iron shutter weighing about one hundred and twenty pounds and hung from hinges at the top.   On the morning in question the deceased had been working on the inside of the ship for about an hour and a half when he was directed by the foreman to go over to the barge where some of the men were missing.   When he had finished the work which he had been directed there to do he started to return to the ship through the port hole which he had used in leaving it.   According to the evidence of a fellow-workman, the deceased had supported himself by his hands in such fashion as to swing his feet and the lower part of his body into the port hole, leaving his head and shoulders still on the outside, when the iron shutter came down with such force as to fracture his skull, from the effects of which he died.

This action was brought to recover damages for his death, and the plaintiff's side of the case proceeded upon the theory that this port hole was a part of the place in and about which the deceased was required to perform his work, and which it

was the master's duty to keep as safe as possible by the exercise of reasonable care and diligence.  As bearing upon the defendant's alleged negligence in this regard, the plaintiff's evidence tended to show that the door or shutter was open when the deceased attempted to go through the port hole; that there was nothing attached to it; and that it was not fastened in any way.  The defense took the ground that even if the door or shutter had been wide open and unfastened, the alleged fault or neglect in this behalf related to a mere detail of the work for which the defendant was not responsible. Evidence was adduced in support of this latter aspect of the case, but that need not be referred to since our consideration of the questions involved is circumscribed by the rule that the plaintiff is entitled to the benefit of all the most favorable inferences deducible from the testimony of his own witnesses.

Looking at the case from that angle and assuming for the moment that the only question it presents is, whether the master failed in its duty to provide its servant with a reasonably safe and proper place in which to work, we can find in the record no evidence from which it can be inferred with anything like approximate certainty that the defendant was guilty of any negligence.  This heavy shutter was open, it is true, and was not fastened by rope or otherwise.  It fell upon the deceased and caused his death.  We are not informed as to the cause of its fall; neither do we know whether its position and condition were such as to charge the master with notice that if left unfastened its fall would be imminent. Whether a shutter, operated as this one was, would have a tendency to remain open or to fall and close, would seem to depend entirely upon the simple law of gravity. It might be placed so that, if left unfastened, its fall would be anticipated by observing and intelligent men.  On the other hand, it might be thrown back so far as to render its fall impossible unless, by a violent disturbance of the water or otherwise, the ship were thrown so far over on her side as to change the center of gravity.  In the one case there would be the obvi-

ous necessity for some kind of a fastening; and in the other
it might not be suggested even to the most prudent of men.
In such a situation, mere proof that an accident has happened
is not evidence of a master's negligence, for he is not an
insurer and is only liable for the exercise of reasonable care
and prudence.

What has been said upon the question whether there was
proof of the defendant's negligence is, in one respect, quite as
pertinent to the issue of the intestate's freedom from con-
tributory negligence. If the position of the shutter was such
as to suggest no possibility of its falling, then there could of
course be no inference of contributory negligence against the
intestate from his use of the port hole as a passageway. If,
however, its position clearly indicated that it would fall if not
fastened, then the intestate was negligent in going through
the port hole without taking some precaution to keep the
shutter in its place. The evidence upon this feature of the
case, although very meagre, is against the plaintiff, for his
witnesses testified that the door and its lack of fastening were
plainly visible from the barge. It was while the deceased
was returning from the barge to the ship that he met with
this accident, and as he was not an itinerant stevedore but a
regular employee of the defendant, the presumption is that
he was familiar with the construction of the ship and saw the
position and condition of the shutter. If he took the chance
of going through a place that was obviously dangerous he
was guilty of contributory negligence, and this would bar the
plaintiff's recovery even if the defendant's negligence had
been established or were conceded.

While a decision adverse to the plaintiff upon either of the
two questions we have discussed must necessarily result in a
reversal of the judgment recovered by him and affirmed by
the Appellate Division, the plaintiff is yet entitled to a new
trial and if he elects to take it he may possibly strengthen his
case, but he will still be confronted by the question whether
the failure to properly fasten this shutter was the neglect of a
duty which rested upon the master or whether it was merely

a detail of the work involving the negligence of some one who stood in the relation of a fellow-servant to the intestate. In view of the paucity of the evidence in the record before us it is impossible to decide that question upon this appeal. Viewing it in the light of the rule that the master's duty and responsibility are determined by the character of the act upon the commission or omission of which the charge of negligence is predicated, rather than upon the grade or title of a particular employee through whose immediate default an injury befalls one of his co-employees, all that we can now properly say is that the fastening of an ordinary door or shutter, so that it will not fall or swing, would seem to be a detail which the master may delegate to a subordinate. This is a broad generalization, but no more definite statement can be made upon the nebulous evidence before us. Conceding all that the learned counsel for the respondent argues as to the distinction between the rule relating to the master's duty to provide a safe place for his servants and the less rigid rule governing his duty to furnish tools and appliances, the fact remains that there is nothing in the evidence to show that there was anything in the character or condition of the place where the deceased was at work or in the use to which it was put to indicate that the defendant had failed in the performance of any duty to its employees that ordinary prudence and care could have suggested to any master similarly situated. If this shutter was anything more or different than any iron door swinging upward and downward and required some special kind of fastening which could not be safely intrusted to those having occasion to use it, that fact was not shown.

The judgment herein should be reversed and a new trial had, with costs to abide the event.

CULLEN, Ch. J., HAIGHT and CHASE, JJ., concur; GRAY, VANN and WILLARD BARTLETT, JJ., concur in result.

Judgment reversed, etc.